IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:17cv023-MPM-RP |
| v. | ) ) | |
| DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORES, INC., | ) ) ) | **COMPLAINT** |
| Defendant. | ) | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§ 2000e-2, and Title I of the Civil Rights Act of 1991 (CRA), 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Keoshal Hankins (Hankins) and other female employees who were adversely affected by such practices. As stated with greater particularity below, the Plaintiff, Equal Employment Opportunity Commission (the Commission) alleges that Defendant Dolgencorp, LLC, d/b/a Dollar General Stores, Inc. (Employer) subjected Ms. Hankins and other female employees to unlawful sexual harassment.

## JURISDICTION AND VENUE

1.  The Commission invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §§ 706(f)(1) and 706(f)(3) of Title VII and § 102 of the CRA.

2.  Defendant Employer committed the unlawful employment practices alleged

below within the geographic boundaries of the United States District Court for the Northern District of Mississippi, Oxford Division.

## PARTIES

3. Plaintiff, the Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII. Congress expressly authorized the Commission to bring this action pursuant to § 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000-5(f)(1), (f)(3).

4. At all relevant times, Defendant Employer has continuously been a foreign corporation doing business as Dollar General Stores, Inc., in the State of Mississippi and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b), (g), (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Ms. Hankins filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer.

7. On September 30, 2014, the Commission issued a Letter of Determination to Defendant Employer, finding reasonable cause to believe Defendant Employer violated Title VII. The Commission invited Defendant Employer to join with it in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief to Hankins and other affected women.

8. The Commission engaged in communications with Defendant Employer to

provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission's conciliation efforts were unsuccessful.

10. On December 27, 2016, the Commission issued to Defendant Employer a Notice of Conciliation Failure.

11. The Commission has fulfilled all conditions precedent to filing this lawsuit.

### STATEMENT OF CLAIMS

12. Since at least April of 2012, Dolgencorp has engaged in unlawful employment practices at its facility, known as Store #11064, located at 133 Taska Rd., in Red Banks, Mississippi (Store #11064 or store), in violation of 42 U.S.C. §2000e-2(a).

13. The unlawful employment practices involved subjecting Ms. Hankins to unwelcome sexual harassment because of her sex, female.

(a) Defendant Employer hired Ms. Hankins to work as a part-time Sales Associate at Store #11064 on or about April 2, 2012.

(b) Ms. Hankins usually worked at the store at least three days per week.

(c) Ms. Hankins usually worked with her supervisor, Store Manager Jonathon Holloway (Holloway).

(d) When Ms. Hankins worked with Mr. Holloway, they were often alone in the store.

(e) Almost immediately after Ms. Hankins began working at the store, Mr. Holloway began to sexually harass Ms. Hankins.

(f) Mr. Holloway's sexually harassing behavior included comments, text messages, and gestures of a sexual nature.

3

(g) Mr. Holloway made numerous sexual comments to Ms. Hankins, such as, "I love to eat a woman out;" "I want to do you;" and, "My dick is big, and I can satisfy you."

(h) Mr. Holloway sent at least three text messages to Ms. Hankins that among other things, conveyed Mr. Holloway's physical attraction to Ms. Hankins and described sexual acts Mr. Holloway wanted to perform on Ms. Hankins.

(i) Mr. Holloway repeatedly made gestures of a sexual nature towards Ms. Hankins that included grabbing his groin and thrusting his hips towards Ms. Hankins to simulate intercourse, as well as sticking his tongue between his fingers to simulate performing oral sex on Ms. Hankins.

(j) In addition to his sexually-laced comments, text messages, and gestures, Mr. Holloway also made Ms. Hankins uncomfortable through other actions.

  i. Mr. Holloway followed Ms. Hankins around the store, and leered at her from around corners.

  ii. Mr. Holloway often stood so close behind Ms. Hankins she could feel his breath on her body.

  iii. When in certain areas of the store, Mr. Holloway would comment to Ms. Hankins that they were out of view of the store's cameras.

  iv. Mr. Holloway intentionally bumped into Ms. Hankins in order to touch her breast.

  v. Mr. Holloway gave Ms. Hankins a pornographic DVD.

(k) Mr. Holloway's unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. Hankins's employment and to create a sexually hostile work environment.

(l) Ms. Hankins was fearful of what Mr. Holloway would do to her when they were

alone together in the store.

(m) On multiple occasions, Ms. Hankins complained directly to Mr. Holloway and asked him to stop the behavior.

(n) When Mr. Holloway did not stop his harassing behavior, Ms. Hankins reported the sexual harassment to Assistant Store Manager Linda Foshee (Foshee) on or about May 1, 2012.

(o) On May 3, 2012, Ms. Foshee sent a letter to Defendant Employer's Alternative Dispute Resolution Program, reporting Ms. Hankins's allegations of sexual harassment against Mr. Holloway.

(p) Ms. Foshee also reported that Mr. Holloway had previously sexually harassed another female employee, forcing that employee to quit.

(q) In response to Ms. Foshee's letter, Regional Human Resources Manager Dane Hanslow (Hanslow) visited the store on May 16, 2012, to conduct an investigation.

(r) Mr. Hanslow spoke with Ms. Foshee, three other female employees, and Mr. Holloway.

(s) On or about May 18, 2012, District Manager Paul Grimes (Grimes) visited the store and met with Ms. Hankins and Mr. Holloway.

(t) Ms. Hankins told Mr. Grimes about Mr. Holloway's harassing behavior, including the text messages Mr. Holloway had sent.

(u) When Mr. Grimes and Ms. Hankins met again on June 15, 2012, Ms. Hankins produced her cell phone with the text messages from Mr. Holloway.

(v) Defendant Employer did not conduct any further investigation of Ms. Hankins's

allegations of sexual harassment against Mr. Holloway until August of 2012.

(w) In the meantime, Ms. Hankins was forced to continue working with Mr. Holloway.

(x) On or about August 3, 2012, Defendant Employer suspended Mr. Holloway pending the outcome of Defendant Employer's investigation into Ms. Hankins's allegations of sexual harassment against Mr. Holloway.

(y) On or about August 15, 2012, Defendant Employer discharged Mr. Holloway for "inappropriate conduct."

(z) The effect of the practices complained of in paragraph 13 (a) – (y) has been to deprive Ms. Hankins of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Keoshal Hankins and other harassed female employees working under the supervision of Jonathan Holloway.

## **PRAYER FOR RELIEF**

The Commission therefore respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant Employer and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in harassment, or any other unlawful employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to provide mandatory training regarding Title VII and its prohibitions against sexual harassment and retaliation to all management and non-management officials in its various facilities in the Northern District of Mississippi.

C.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women, as well as eradicate the effects of its past unlawful employment practices.

D.   Order Defendant Employer to make Ms. Hankins and other harassed female employees working under the supervision of Mr. Holloway whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant Employer's unlawful employment practices.

E.   Order Defendant Employer to make Ms. Hankins and other harassed female employees working under the supervision of Mr. Holloway whole by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in Paragraph 13 in amounts to be determined at trial.

F.   Order Defendant Employer to make Ms. Hankins and other harassed female employees working under the supervision of Mr. Holloway whole by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, and humiliation, in amounts to be determined at trial.

G.   Order Defendant Employer to pay punitive damages to Ms. Hankins and other harassed female employees working under the supervision of Mr. Holloway for its malicious and/or reckless conduct, in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

        Respectfully submitted,

        **JAMES L. LEE**
        Acting General Counsel

        **GWENDOLYN YOUNG REAMS**
        Associate General Counsel

        **FAYE A. WILLIAMS**
        Regional Attorney
        TN Bar No. 011730

        **GERALD L. THORNTON, SR.**
        Supervisory Trial Attorney
        TN Bar No. 015898

        s/ Markeisha K. Savage
        **MARKEISHA K. SAVAGE**
        Trial Attorney
        TN Bar No. 024693
        (901) 544-0133
        markeisha.savage@eeoc.gov

        s/ Nicholas C. Teeples (with permission MKS)
        **NICHOLAS CHASE TEEPLES**
        Trial Attorney
        TN Bar No. 032400
        (901) 544-0158
        nicholas.teeples@eeoc.gov

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Memphis District Office
        1407 Union Avenue, Suite 900
        Memphis, TN  38104