# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | PLAINTIFF |
| V. | CAUSE NO. 3:17-CV-023-MPM-RP |
| DOLGENCORP, LLC | DEFENDANT |

## ORDER GRANTING PLAINTIFF'S
## MOTION TO MODIFY SCHEDULING ORDER

This matter is before the court on Plaintiff Equal Employment Opportunity Commission's Motion to Modify the Rule 16(b) Scheduling Order. Docket 27. EEOC asks the court to modify the Case Management Order by setting a date by which EEOC must identify all class members. EEOC states neither party raised the issue of identification of class members with the court at the case management conference,[1] and that when EEOC's counsel subsequently contacted the undersigned magistrate judge's chambers on June 16, 2017 to inquire about setting a deadline for such, counsel was advised by a law clerk to contact Dolgencorp's counsel to discuss a mutually agreeable date. According to EEOC, Dolgencorp has not agreed to EEOC's proposed deadline, resulting in the instant motion. EEOC now proposes a deadline of November 30, 2017 to identify class members. Docket 28.

Dolgencorp opposes EEOC's motion, arguing EEOC has failed to show good cause to modify the schedule as is required under Federal Rule of Civil Procedure 16(b). Docket 29. Dolgencorp points out that EEOC did not request – either prior to or during the case management conference at which the scheduling deadlines were discussed and set – a deadline

---

[1] The case management conference was conducted on June 7, 2017 and the Case Management Order containing the scheduling deadlines was entered the same day.

for identifying additional aggrieved individuals that was separate and distinct from the deadline for joinder of parties and amendments to the pleadings. As such, Dolgencorp urges, the July 7, 2017 joinder/amendments deadline was the operative deadline. Dolgencorp opposes EEOC's request to now set a separate deadline for EEOC to identify additional claimants. Dolgencorp allows that EEOC may *move* to add allegedly aggrieved parties, but Dolgencorp argues that EEOC must show good cause for being permitted to do so subsequent to the joinder/amendments deadline.

The court concludes that whether it considers modifying the schedule so as to establish a deadline for EEOC to identify additional claimants, on one hand, or whether it considers allowing EEOC to add claimants by way of an untimely amended complaint, on the other hand, under Rule 16(b) the question is the same: Is there good cause to modify the schedule? The court finds that the four-factor "good cause" analysis that is used in the context of untimely motions to amend a complaint is appropriate in this instance, and the court believes it has sufficient information before it to conclude that good cause exists.

The Fifth Circuit has articulated four factors to consider when determining whether good cause exists to amend the scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). Rule 16(b) requires "a party to show that the deadline [could not] reasonably be met, despite the diligence of the party needing the extension." *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *Sw. Bell Tel. Co.*, 346

F.3d at 546).

In explanation of the timing of its request, EEOC has presented information regarding its counsel's communication, just over a week after the case management conference, with the undersigned's law clerk regarding establishing a deadline for EEOC to identify class members and counsel's subsequent communications in those regards with Dolgencorp's counsel. Of course, the undersigned routinely encourages counsel to confer with opposing counsel on procedural issues before making a formal request for relief, and this should not be interpreted to imply that the party so encouraged is entitled to or has "good cause" to obtain the desired relief over an opposing party's objection. That being said, it is clear EEOC made efforts to address the issue soon after the scheduling deadlines were set, and it appears it was some time afterwards before it became clear Dolgencorp would not consent to EEOC's request. Additionally, EEOC states it has not yet been able to obtain from Dolgencorp the identities of the other employees who worked with the alleged harasser. The court finds EEOC's explanation to be reasonable.

As to the importance of the amendment, allowing EEOC to name additional claimants certainly would be vitally important to those claimants. As to potential prejudice in allowing the amendment, EEOC's proposed deadline of November 30, 2017 would leave almost two months afterwards for Dolgencorp to conduct discovery regarding any additional class members before expiration of the discovery period. Should Dolgencorp request additional time to complete its discovery, the undersigned will have the discretion – and likely the inclination – to grant an extension (up to a month) of the discovery and dispositive motion deadlines without jeopardizing the trial date.

Citing the Eighth Circuit's decision in *EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657,

675 (8th Cir. 2012), Dolgencorp argues that where the scope of EEOC's pre-litigation efforts are limited as they are here – in terms of geography, number of claimants, or nature of claims – EEOC may not use discovery in the resulting Section 706 lawsuit as a fishing expedition to uncover more violations. Docket 30 at 5. However, permitting EEOC to name additional claimants of which it learned only during discovery in this cause will not prejudice Dolgencorp's ability to request the dismissal of those claims on that grounds in summary judgment proceedings as CRST Van Expedited, Inc. did. Certainly summary judgment proceedings would be the more appropriate means of resolving such a potentially dispositive issue of law.

Finally, as to the availability of a continuance to cure any potential prejudice, and aside from the fact the court does not believe Dolgencorp would be unfairly prejudiced by the requested amendment, neither party has requested a continuance and none appears necessary.

Based on the foregoing analysis, the court finds there is good cause to modify the schedule so as to establish a deadline for EEOC to name additional claimants. The court finds EEOC's proposed deadline of November 30, 2017 to be reasonable, and the court will require EEOC to name any additional claimants by way of an amended complaint.[2] EEOC is reminded of its obligation, in naming additional claimants in an amended complaint, to allege particularized facts as to each claimant that would entitle that claimant to relief. *See Cazorla v. Koch Foods of Mississippi, LLC,* Nos. 3:10cv135, 3:11cv391, 2013 WL 11328253, *7 (S.D. Miss. Aug. 28, 2013) (dismissing EEOC's amended complaint as to newly named class members

---

[2]Other courts have required EEOC to identify additional claimants by way of an amended complaint. *See, e.g.,Cazorla v. Koch Foods of Mississippi, LLC,* Nos. 3:10cv135, 3:11cv391, 2013 WL 11328253 (S.D. Miss. Aug. 28, 2013); *EEOC v. Evans Fruit Co.,* No. CV-10-3033, 2011 WL 13115962 (E.D. Wash. March 3, 2011).

for failure to make particularized allegations as to any of them).

THEREFORE, IT IS ORDERED that Plaintiff Equal Employment Opportunity Commission's Motion to Modify the Rule 16(b) Scheduling Order is **GRANTED** as follows: EEOC must identify all class members on whose behalf it seeks relief in this cause – if any are not identified in the original complaint – in an amended complaint to be filed no later than November 30, 2017.

SO ORDERED, this the 1st day of November, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE