IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | No. 3:17-cv-00023 |
| | ) | District Judge Mills |
| DOLGENCORP, LLC, D/B/A DOLLAR GENERAL STORES, INC., | ) ) ) | |
| | ) | Magistrate Judge Percy |
| Defendant. | ) | |

## CONSENT DECREE

### INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (Commission or EEOC) is the agency of the United States of America tasked with enforcing federal laws prohibiting employment discrimination. One of the laws enforced by the Commission is Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., (Title VII). Among other things, Title VII prohibits employers from discriminating against employees on the basis of sex. Further, Title VII prohibits employers from retaliating against persons who protest discriminatory employment practices.

The Commission filed this lawsuit on February 8, 2017 alleging Dolgencorp violated Title VII of the Civil Rights Act of 1964, as amended (Title VII) by subjecting its employee, Keoshal Hankins (Hankins), to unwelcome sexual harassment during her employment in Red Banks, Mississippi in 2012. Dolgencorp denies the Commission's allegations.

This Consent Decree (Decree) does not constitute a finding on the merits of the case and does not constitute an admission by Dolgencorp of the Commission's allegations. The Parties stipulate they have negotiated the terms of this Decree to reach a final resolution of the case, and to avoid the additional expense and other burdens arising from continued litigation of the case.

This Decree constitutes the complete and exclusive agreement between the Commission and Dolgencorp with respect to the matters referenced herein. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing. No representations or inducements to compromise this action have been made between the parties, other than those recited or referenced in this Decree. In the event this Decree is not approved or does not become final, it will not be admissible in evidence in any subsequent proceeding in this lawsuit.

## FINDINGS

After examining the terms and conditions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the terms of this Decree are adequate, fair, reasonable, equitable, and just. The Decree furthers the objectives of Title VII and adequately protects the rights of the Commission, Dolgencorp, Hankins, and the public interest.

It is hereby ORDERED, ADJUDGED AND DECREED:

1. <u>Jurisdiction.</u> This Court has jurisdiction over the Parties and the subject matter of the case and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution. No party shall contest the jurisdiction of this Court to enter or enforce this Decree, nor contest the rights of either party to seek enforcement in the event one party later believes the other is in breach of the Decree.

2. <u>Effective Date and Duration.</u> This Decree shall become effective immediately

4824-4506-3270.2

upon entry by the Court (the "Effective Date") and shall remain in effect for a duration of eighteen (18) months after the Effective Date.

3.    Scope. The terms of this Decree represent the only agreement between the Parties with respect to the claims alleged in the Case. Except with respect to Hankins' charge (490-2012-02412), this Decree is intended to be without prejudice to any other charge of discrimination or case pending before the Commission. This Decree shall not constitute a waiver of any claims of any aggrieved person stated in any separate charge of discrimination alleging violations occurring prior to or after entry of this Decree.

## INJUNCTIVE RELIEF

4.    Dolgencorp is enjoined within the district encompassing Store No. 11064 (Red Banks, MS) (store list attached as Appendix B) from unlawful sexual harassment under Title VII against female employees, including sexually-charged remarks and unwanted touching and text messages, by management officials or co-workers.

## INDIVIDUAL MONETARY RELIEF

5.    Payment to Hankins. Subject to the conditions described below, Dolgencorp will pay Keoshal Hankins a total of seventy thousand dollars ($70,000.00) in full and final settlement of all claims that have been or could have been asserted by Hankins, or by the Commission on Hankins' behalf, prior to the Effective Date. The parties have stipulated, and the Court agrees, that the Commission sought only compensatory damages for non-pecuniary harm on Hankins' behalf. Dolgencorp shall accordingly issue Keoshal Hankins an IRS form 1099-MISC representing the total amount paid in settlement of the claim for non-economic compensatory damages.

6.    Method of Payment. Dolgencorp shall make payment of all monetary relief in a lump sum by mailing a check or money order via USPS certified mail or overnight courier directly to

4824-4506-3270.2

Keoshal Hankins no later than fifteen (15) calendar days after the later of the Effective Date or the date Dolgencorp receives Hankins' signed release of claims attached hereto as Appendix A. The Commission will also provide Dolgencorp a valid physical address to which Hankins' check can be mailed, and will coordinate directly with Hankins to secure a signed release within thirty (30) days of the Effective Date of this Decree. Dolgencorp shall contemporaneously transmit a copy of the check and any accompanying correspondence to the Commission.

7. Late payment of a check shall be subject to the accrual of interest pursuant to 28 U.S.C. § 1961.

8. Keoshal Hankins will execute the form of Release attached hereto as Appendix A.

## EMPLOYMENT REFERENCES

9. Dolgencorp represents that Keoshal Hankins' personnel file does not contain any reference to her charge of discrimination of this underlying lawsuit. For all prospective employers, Keoshal Hankins shall direct all employment related inquiries to The Work Number at 1-800-367-5690, Company Code 11010. Dolgencorp will respond with neutral information, such as the dates of employment and the position(s) held.

## TRAINING AND REPORTING

10. <u>Anti-Harassment Compliance Training</u>. Dolgencorp will provide mandatory training regarding sexual harassment under Title VII to all employees actively employed at the time of the training at Store No. 11064 (Red Banks, MS), to include Assistant Store Manager, Store Manager, and the District Manager. Dolgencorp will also require the attendance of Assistant Store Managers employed at the other stores within the district encompassing Store No. 11064. Dolgencorp will conduct the training no later than 90 days after the Effective Date of this Decree.

11. Dolgencorp's Regional Director will advise all employees in the store, and all Assistant Store Managers in the district, via a memo that the training is important, supported and mandatory. The mandatory training will include, but not necessarily be limited to, the following:

   a. inform participants of Dolgencorp's Anti-Discrimination and Harassment Policy;

   b. focus on and promote respect and civility in the workplace;

   c. focus on unacceptable behaviors, rather than trying to teach participants the specific legal standards that will make such conduct "illegal";

   d. explain the consequences of engaging in conduct that is unacceptable in the workplace, including that corrective action will be proportionate to the severity of the conduct;

   e. clarify what conduct is not harassment and is therefore acceptable in the workplace;

   f. educate employees about their rights and responsibilities if they experience conduct that the employer has stated is not acceptable in the workplace;

   g. make clear to employees the avenues offered by the employer to report unwelcome conduct based on a protected characteristic, regardless of whether the individual might or might not describe that conduct as "harassment";

   h. describe, in simple terms, how an employee who witnesses harassment can intervene in an appropriate manner, if possible, and report the harassment (bystander intervention);

   i. describe, in simple terms, how the formal complaint process will proceed,

including the estimated time for completion of the investigation.;

12. MANAGEMENT, SUPERVISORS AND HUMAN RESOURCES –Dolgencorp will also annually train the Store Managers, District Managers, Regional Directors and Human Resource Managers, within the district encompassing Store No. 11064 (list attached at Appendix B) on how to respond effectively to sexual harassment that they observe, that is reported to them, or of which they have knowledge or information. Dolgencorp will utilize and deploy computer based learning modules to effectuate the training referenced in this paragraph. Dolgencorp will track and record employee completion of the training.

13. Dolgencorp will conduct the training for Store No. 11064 in person.

14. Dolgencorp may video-record training sessions for prompt presentation to current Store No. 11064 employees who are unable to attend in-person.

15. Each employee attending in-person training must acknowledge attendance of the training in writing, indicating their printed name, signature, and the date of attendance.

16. Dolgencorp will conduct the in-person training sessions no later than ninety (90) calendar days from the Effective Date of this Decree, and will deploy the computer based learning modules described in Paragraph 12 within six (6) months of the Effective Date of this Decree.

17. <u>Notice of New Complaints</u>. For the duration of this Decree, Dolgencorp shall notify the Commission of any reports or complaints of unwelcome, sexually harassing conduct made known to its Employee Response Center or Employee Relations Department by any employee regarding any of Dolgencorp's employees or customers within the district encompassing Store # 11064 (list attached at Appendix B), including the name(s) and position(s) held of the complaining employee(s); the name(s), and position(s) and alleged harasser(s); the

4824-4506-3270.2

6

date(s) of the alleged harassment and complaint; the location(s) where the alleged harassment took place; a specific description of the alleged harassment; the names and positions of human resources personnel and management officials involved; and all steps taken by Dolgencorp to correct the behavior and/or prevent it from occurring in the future.

18. <u>Annual Reports to the Commission</u>. Dolgencorp will submit two (2) reports to the Commission after entry of this Consent Decree by the Court.

    a) Each report must contain a summary of the information recorded by Dolgencorp pursuant to Paragraph 17, above; a record of attendance at the training program required by Paragraphs 10 and 12 above; and a certification by Dolgencorp that the Notice required to be posted by Paragraph 19 below remained posted during the time period preceding the report.

    b) Dolgencorp shall submit the first report 10 months after entry of this Decree, and the second report 16 months after entry of the Decree.

19. <u>Notice Posters</u>. Dolgencorp shall continue to post in a conspicuous location where Dolgencorp customarily posts notices to employees, the notice poster required by Title VII, 42 U.S.C. § 2000e-10 in its stores within the district that includes Store #11064 (list attached at Appendix B) and at its Store Support Center. Dolgencorp will also continue to make available its policy against sexual harassment to employees and candidates to whom a conditional offer of employment has been made, and to post a toll-free number for employees to report any complaints of harassment.

## OTHER PROVISIONS

20. <u>Successor Liability</u>. Dolgencorp will provide to any potential purchaser of all or a portion of Dolgencorp's assets and to any other potential successor prior written notice of the

existence of the Commission's Complaint, this Decree, and the contents and obligations of the settlement prior to any sale.

21. If either party fails to comply with the terms of this Decree, the other party has a right to enforce its rights under this Decree. The party seeking enforcement will provide at least ten (10) working days-notice to the other party of any perceived deficiency in complying with the terms of this Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency, they agree to contact the Court to request a telephone conference to discuss their disagreement prior to the filing of any formal petition for relief.

22. Prior to the filing of any contempt action arising from this Decree, including any injunctive relief, the Commission will provide Dollar General thirty (30) days prior notice to resolve the contempt action before initiating any court proceeding. As part of the pre-contempt discussions relating to Paragraph 4, the Commission would examine whether Dolgencorp is responsible for its employee's conduct.

23. <u>Severability.</u> If this Court finds any provision of this Decree unlawful or unenforceable, the Court will sever only such provision, and the remainder of the Decree will remain in full force and effect.

24. <u>Costs, Fees and Expenses.</u> Each party to this Decree shall bear its own costs, attorney fees, and expenses arising from this Case.

25. <u>Notice to Parties.</u> All notices, certifications, reports, or other communications required to be exchanged pursuant to this Decree shall be in writing and transmitted as follows:

    a) To the Commission, via electronic mail to:
        EEOC-MEDO-decree-monitoring@eeoc.gov.

    b) To the Employer, via first class and electronic mail to:

       Melanie Kennedy Cook Esq.
       Vice President and Assistant General Counsel
       Dollar General Corporation
       100 Mission Ridge
       Goodlettsville TN 37072
       E-mail: mecook@dollargeneral.com

       With copy to:

       Stanley E. Graham
       Waller Lansden Dortch & Davis, LLP
       511 Union Street, Suite 2700
       Nashville TN 37219
       E-mail: stan.graham@wallerlaw.com

If Dolgencorp's contact information changes, Dolgencorp shall notify the Commission of such change within fifteen (15) calendar days.

IT IS SO ORDERED THIS 18th DAY OF MAY, 2018.

       **/s/ MICHAEL P. MILLS**
       **UNITED STATES DISTRICT JUDGE**
       **NORTHERN DISTRICT OF MISSISSIPPI**

APPROVED FOR ENTRY BY THE PARTIES:

| FOR PLAINTIFF | FOR DEFENDANT |
|---|---|
| JAMES L. LEE<br>Deputy General Counsel | /s/ Stanley E. Graham<br>STANLEY E. GRAHAM, ESQ |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel | HEATH A. FITE, ESQ.<br>JOHN E. B. GERTH, ESQ. |
| /s/ Faye A. Williams<br>FAYE A. WILLIAMS<br>Regional Attorney<br>Tennessee Bar No. 011730 | **WALLER LANSDEN DORTCH & DAVIS, LLP**<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>and |
| GERALD L. THORNTON<br>Supervisory Trial Attorney<br>Tennessee Bar No. 015898 | 1901 Sixth Avenue North, Suite 1400<br>Birmingham, AL 35203<br>Telephone: (615) 850-8935<br>stan.graham@wallerlaw.com |
| /s/ Markeisha K. Savage<br>MARKEISHA K. SAVAGE<br>Trial Attorney<br>Tennessee Bar. No. 024693 | heath.fite@wallerlaw.com<br>jeb.gerth@wallerlaw.com |
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**<br>Memphis District Office<br>1407 Union Avenue,<br>Ste. 900<br>Memphis, TN 38104<br>Telephone:(901) 544-0133<br>markeisha.savage@eeoc.gov | |

APPENDIX A

RELEASE OF CLAIMS

In consideration for seventy thousand dollars ($70,000.00) paid to me by Dolgencorp, LLC, in connection with the resolution of *EEOC v. Dolgencorp*, LLC, Civil Action No. 3:17-cv-00023, filed in the United States District Court for the Northern District of Mississippi, I release any and all claims I had against Dolgencorp, LLC, Dollar General Corporation, and each of their affiliated entities, prior to the date of this Release that were included in the claims alleged in the EEOC's Complaint in this case and in my related charge of discrimination.

_____                                  _____
Date                                                                                                          Keoshal Hankins

APPENDIX B

| | |
|---|---|
| 3639 | Ashland, MS |
| 3718 | Olive Branch, MS |
| 4900 | Olive Branch, MS |
| 6203 | Olive Branch, MS |
| 8400 | Byhalia, MS |
| 9766 | Holly Springs, MS |
| 10482 | Byhalia, MS |
| 10826 | Potts Camp, MS |
| 11064 | Red Banks, MS |
| 11393 | Myrtle, MS |
| 12443 | Hickory Flat, MS |
| 13127 | Olive Branch, MS |
| 16003 | Red Banks, MS |
| 16430 | Hernando, MS |
| 18177 | Holly Springs, MS |